■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTORIA ROBINSON, Appellant. [700 NYS2d 203] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered July 22, 1997, convicting her of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The Supreme Court erred in refusing to admit testimony with respect to an admission against penal interest made by Kim Watson. According to this testimony, Watson stated that she "got her brothers and them" to kill the victim, because he had failed to return her gold chain and had raped her. To qualify as an admission against penal interest, "(1) the declarant must be unavailable to give testimony, whether by reason of absence from the jurisdiction, refusal to testify on constitutional grounds, or death; (2) the declarant must have been aware at the time of its making that the statement was contrary to his [or her] penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there

must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability" (*People v Thomas,* 68 NY2d 194, 197, *cert denied* 480 US 948; *see, People v Nieves,* 67 NY2d 125; *People v Brensic,* 70 NY2d 9). Watson was, in effect, unavailable as a witness because she invoked her constitutional right against self-incrimination, and she must have been aware at the time she made her statement that it was against her penal interest. Moreover, since the statement referred, *inter alia,* to her missing gold chain, it demonstrated her familiarity with the facts of the crime in light of the testimony that the female perpetrator asked the victim "[W]here is the chain?" before her accomplice shot him. Furthermore, there was independent evidence that Watson and the female perpetrator had the same nickname, and an eyewitness to the crime identified Watson as the female perpetrator to law enforcement authorities. Accordingly, independent evidence established the trustworthiness and reliability of Watson's declaration.

The evidence against the defendant cannot be characterized as overwhelming. Accordingly, the erroneous exclusion of this testimony cannot be deemed harmless error (*see, People v Crimmins,* 36 NY2d 230, 241).

The defendant's remaining contentions are without merit, or need not be addressed in light of our determination. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.